IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ALAN GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-800-G-BN |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action ostensibly under the Federal Torts Claims Act (the "FTCA") has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. For the reasons explained below, the undersigned recommends that the Court deny Plaintiff Charles Alan Garner's motion to proceed *in forma pauperis* ("IFP") [Dkt. No. 4]; order that he pay the full amount to initiate this action; and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey orders of this Court.

**Applicable Background**

Garner has sued the United States under the FTCA based on an alleged sexual assault that occurred to him at a Department of Veterans Affairs ("VA") hospital in 1995. *See* Dkt. No. 3.

A letter from the VA concerning Garner's administrative tort claim dated

September 27, 2016 (included as part of Garner's complaint) reflects that Garner first presented his allegation to the VA in 2014, *see* Dkt. No. 3 at 2, which could mean that this action is barred by the statute of limitations, as the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim," *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)); *see also Sandoz v. United States*, Civ. A. No. 15-3697, 2016 WL 1545662, at *3 (E.D. La. Apr. 15, 2016) ("[T]ort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after the agency mails its notice of final denial of their claim.").

But, while the FTCA's statute of limitations is subject to equitable tolling, *see Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 488 (5th Cir. 2016) (discussing *Wong*, 135 S. Ct. at 1638 (holding that the FTCA's statute of limitations was "non-jurisdictional and subject to equitable tolling")), the Court must first resolve whether Garner is entitled to proceed IFP based on the sworn financial affidavit that he has filed in this action.

**Legal Standards and Analysis**

The standards governing IFP motions are set forth in 28 U.S.C. § 1915(a). The

district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit, moreover,] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *Pisano v. Astrue*, Civ. A. No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915." (collecting cases)).

After determining that a plaintiff will suffer no undue financial hardship if he or she is ordered to pay the filing fee to initiate an action, a court may dismiss a lawsuit without prejudice – for failure to prosecute and obey court orders under

Federal Rule of Civil Procedure 41(b) – if a plaintiff fails to pay the filing fee as ordered by the court. *See, e.g., Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (per curiam); *cf. Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders"(citing FED. R. CIV. P. 41(b))). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Garner's sworn financial affidavit reflects that his average monthly income is $4,272.00 ($2,972.00 from employment and $1,300.00 from VA benefits) and that his average monthly expenses amount to $2,677.00. *See* Dkt. No. 4. Given this nearly $1,600 monthly surplus, the undersigned cannot find that requiring that Garner pay the filing fee to initiate this action ($400.00) will subject him to undue financial hardship. Accordingly, his motion for leave to proceed IFP should be denied.

## Recommendation

The Court should deny the motion for leave to proceed *in forma pauperis* [Dkt. No. 4] and order Plaintiff Charles Alan Garner to pay the full amount to initiate this action ($400.00) within 21 days after any order accepting this recommendation or some other reasonable time to be established by the Court, and, if he fails to do so, the Court should dismiss this action without prejudice under Rule 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE