IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ALAN GARNER, § § Plaintiff, § § V. § § UNITED STATES OF AMERICA, § § Defendant. § | No. 3:17-cv-00800-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action filed by Plaintiff Charles Alan Garner has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge A. Joe Fish.

Defendant United States of America moves to dismiss Garner's complaint under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 21. Garner has filed a response, *see* Dkt. No. 25, and the United States has filed a reply, *see* Dkt. No. 26. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should convert the motion to one to dismiss under Federal Rule of Civil Procedure 12(b)(6) and grant the motion to the extent that the complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Applicable Background**

Garner, who is proceeding *pro se* but not *in forma pauperis* (as he filed the $400.00 filing fee to initiate this action), brings claims against the United States under

the Federal Tort Claims Act ("FTCA"), alleging that he was sexually assaulted at a Department of Veteran Affairs ("VA") hospital in 1995. *See* Dkt. No. 3.

A letter from the VA ("Letter") concerning Garner's administrative tort claim dated September 27, 2016 (included as part of Garner's complaint) reflects that Garner first presented his allegation to the VA in 2014. *See* Dkt. No. 3 at 2. The Letter denied Garner's claim because a "tort claim is barred unless it is presented within two years after the claim accrues" and "investigation did not support a finding of any negligent or wrongful act or omission of a VA employee acting in the scope of his or her employment." *Id.* The Letter also explained that Garner had a right to present his claim to a federal district court after administrative denial. *See id.*

## Legal Standards

I. <u>The FTCA</u>

Under the FTCA, federal courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)). The FTCA's statute of limitations – under which "a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim," *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)) – is "non-jurisdictional and subject to equitable

tolling," *id.* at 1638. The Court must therefore treat motions to dismiss FTCA claims as time-barred "under Rule 12(b)(6) rather than 12(b)(1)," as "the FTCA's statute of limitations is an affirmative defense for which the Government has the burden of proof." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) (citing *Sec. Indus. Ins. Co. v. United States*, 702 F.2d 1234, 1251 (5th Cir. 1983); citation omitted).

Accordingly, the Court should convert the Rule 12(b)(1) motion to dismiss based on the FTCA's statute of limitations to a Rule 12(b)(6) motion to dismiss *See* FED. R. CIV. P. 12(b).

II.   Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer

-3-

more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir.

2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). While pleadings in this context include attachments to the complaint, *see Katrina*, 495 F.3d at 205 (5th Cir. 2007), documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted)). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But a court "may not incorporate [ ] into the complaint ... a document referenced in the plaintiff's complaint [that] is merely evidence of an element of the plaintiff's claim." *Id.*

## Analysis

The United States argues that Garner's complaint must fail because "Plaintiff

untimely presented his administrative claim, beyond the two-year statute of limitations." Dkt. No. 21 at 6. Garner responds that he reported the sexual assault to his psychiatrist "for at least 7 years" and "raised this with many Doctors at the VA Hospitals before and after" he told his psychiatrist. Dkt. 25 at 2. In reply, the United States' reasserts the contention that Garner's claim is time-barred, even if the VA advised Garner of his statutory right to appeal in the Letter, because Garner's cause of action accrued more than two years prior to his VA administrative claim. *See* Dkt. 26 at 2-3.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). And a cause of action accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of the action." *Brown v. Nations Bank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999) (internal quotes omitted). Garner's own response acknowledges that for "years [he] thought [he] was raped." Dkt. No. 25 at 2. Therefore, Garner's own pleadings reflect that he knew of the injury and that his alleged cause of action accrued outside of the FTCA's statute of limitations.

Although the FTCA's statute of limitations is also subject to equitable tolling, on which Garner bears the burden of proof, *see Trinity Marine*, 812 F.3d at 489, Garner's own assertions reflect that he did not pursue his rights diligently – waiting until 2014 to pursue an administrative action – and Garner has failed to show "'that some extraordinary circumstance stood in his way'" of filing an administrative action

regarding the 1995 event, *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

## Recommendation

Because Garner's claim is barred by the FTCA's statute of limitations, the Court should grant the motion to dismiss [Dkt. No. 21] and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE